that said defendant had a vested right to redeem said lands prior to the execution and delivery of said tax deeds. The record is silent as to any notice of said tax deed having been served by the grantee of said tax deeds upon said mortgagee of the application for the tax deeds in question. Said tax deed is void as to the defendant Zeddies, the mortgagee. See Foster v. Marshall, 141 Okla. 246, 284 P. 882; Savery v. Graves Farm Loan Investment Co., 157 Okla. 173, 11 P. (2d) 462.

The judgment of the trial court is reversed, with directions to cancel said deeds on condition that said defendants pay into court the amount of the taxes, interest, penalties, and costs, and for such other and further proceedings not inconsistent with the views herein expressed.

HEFNER, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. RILEY, J., dissents. LESTER, C. J., and CLARK, V. C. J., absent.

## E. G. FIKE & CO. v. LATIMER et al.

No. 20615. Opinion Filed July 6, 1932.

E. F. Cadwell and G. A. Paul, for plaintiff in error.

Phil W. Davis, Jr., L. O. Todd, and Allen,

Underwood & Canterbury, for defendants in error.

F. B. Dillard, amicus curiae.

KORNEGAY, J. This case was tried at the same time as the case of Hiram Adams, Plaintiff, v. Town of Red Fork et al., No. 39227, in the lower court, and the petitions were practically the same, with the exception of the names of the parties and the description of the lands involved, the amounts demanded being the same.

The jury trial resulted in a verdict for $600. It was briefed in connection with No. 20613, and the evidence was practically the same. We have examined the authorities relied on, and are of the opinion that, under the evidence in this case, there was no liability. A further discussion of the matter can be found in the case of E. G. Fike & Company, Plaintiff in Error, v. Hiram Adams et al., Defendants in Error, No. 20613, 158 Okla. 158, 13 P. (2d) 83, opinion this day rendered.

This case is accordingly reversed, with directions to the lower court to set aside the judgment and to dismiss the action at the cost of the defendant in error.

RILEY, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. McNEILL J., disqualified. LESTER, C. J., and CLARK, V. C. J., absent.

## E. G. FIKE & CO. v. SCHMITT et al.

No. 20614. Opinion Filed July 6, 1932.

E. F. Cadwell and G. A. Paul, for plaintiff in error.

Phil W. Davis, Jr., L. O. Todd, and Allen, Underwood & Canterbury, for defendants in error.

F. B. Dillard, amicus curiae.

KORNEGAY, J. This case was tried at the same time as the case of Hiram Adams, Plaintiff, v. Town of Red Fork et al., No. 39227, in the lower court, and the petitions were practically the same, with the exception of the names of the parties and the description of the lands involved, the amounts demanded being the same.

The jury trial resulted in a verdict for $600. It was briefed in connection with No. 20613, and the evidence was practically the same. We have examined the authorities relied on, and are of the opinion that, under the evidence in this case, there was no liability. A further discussion of the matter can be found in the case of E. G. Fike & Company, Plaintiff in Error, v. Hiram Adams et al., Defendants in Error, No. 20613, 158 Okla. 158, 13 P. (2d) 83, opinion this day rendered.

This case is accordingly reversed, with directions to the lower court to set aside the judgment and to dismiss the action at the cost of the defendant in error.

RILEY, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. McNEILL, J., disqualified. LESTER, C. J., and CLARK, V. C. J., absent.

**J. E. MABEE, Inc., et al. v. SEABERRY.**

No. 23344. Opinion Filed July 6, 1932.

Hal Crouch and P. N. Landa, for petitioners.

A. P. Murrah and Luther Bohanon, for respondent.

HEFNER, J. This is an original proceeding in this court by J. E. Mabee, Inc., and the Century Indemnity Company to review an order of the State Industrial Commission awarding compensation to Wm. E. Seaberry.

It is admitted that claimant sustained an injury while in the employ of petitioner Mabee, on February 15, 1931. which consisted of having his wrist mashed between pipes. The record shows that he was allowed $60 because of temporary total disability on account of such injury, and that thereafter, on July 20, 1931, he was allowed additional compensation by the Commission in the sum of $252 because of permanent partial disability. On December 21, 1931, claimant filed a motion to reopen the case on the ground of change in condition and prayed that he be awarded additional compensation. At the conclusion of the hearing, the Commission found that claimant had suffered a change in condition since the prior award and allowed him additional compensation in the sum of $360.

Petitioners contend that the award is erroneous for the reason that there is no evidence which shows that claimant's condition had changed subsequent to the prior award. The expert or medical evidence shows that at the time the prior award was entered, claimant had sustained a 7 per cent. permanent partial loss of the use of his right wrist. Medical evidence was introduced on this hearing which shows a 20 per cent. permanent partial loss of the use of the right wrist. Dr. Buchanan testified that the X-ray taken on December 6, 1931, shows that claimant's wrist was a little stiffer than the X-ray taken July 6, 1931. Claimant testified that his condition became worse towards the latter part of September, 1931. This evidence is sufficient to sustain the finding of the Industrial Commission that there was a change in claimant's condition subsequent to the last award.

The petition to vacate is denied.

RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and CLARK, V. C. J., absent.